Ronald HOENNICKE, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 145, 2010.

Supreme Court of Delaware.

Submitted: Nov. 3, 2010.
Decided: Dec. 30, 2010.

Nicole M. Walker, Office of the Public Defender, Wilmington, Delaware for appellant.

John Williams, Department of Justice, Dover, Delaware for appellee.

Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

STEELE, Chief Justice:

A jury convicted Ronald Hoennicke of twelve counts of Unlawful Sexual Contact Second Degree. Sentenced to six years in prison, Hoennicke now appeals his conviction. He contends that the applicable statute of limitations bars his prosecution or, alternatively, that the State presented insufficient evidence to sustain a guilty verdict. Because the statute of limitations did not bar this prosecution and the record supports a guilty verdict, we AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

In 2009, 29–year–old Karl Hoennicke reported to the police that between 1988 and 1992 his father, Ronald, sexually assaulted him regularly. Karl alleged that his father would wake him up early on some weekends so that the two could wrestle naked and then shower together. Karl also claimed that his father washed Karl's genitals one time in the shower and, on a different occasion, attempted to manually and orally stimulate Karl.

After Karl reported this alleged misconduct in 2009, the Delaware State Police contacted Ronald Hoennicke and requested that he speak with a detective at the police station. Hoennicke went to the station voluntarily on March 31, 2009, and gave a taped statement. He admitted that he and Karl had wrestled naked and that he had shown Karl how to clean himself, but he adamantly denied ever intentionally touching Karl sexually. He also vehemently denied ever trying to manually or orally stimulate his son.

On May 4, 2009, the State indicted Hoennicke on several counts of Unlawful Sexual Contact, Unlawful Sexual Intercourse, and Incest. The only evidence presented at Hoennicke's three-day trial was Karl's testimony and Hoennicke's taped statement to the police. At the conclusion of the trial, the jury returned a guilty verdict on twelve counts of Unlawful Sexual Contact Second Degree, and the judge sentenced Hoennicke to six years in prison.

On appeal, Hoennicke makes two arguments. First, he claims that his prosecution was time barred. Specifically, he argues that when the General Assembly amended 11 *Del. C.* § 205(e) in 2003 to eliminate the statute of limitations for certain enumerated sexual offenses, it "replaced" the old limitations period instead of "extending" it, and consequently eliminated completely all prosecutions that were still available under the previous

statute of limitations described by pre-amendment Section 205(e). In the alternative, he argues that the application of the unlimited limitations period to his prosecution violates the Ex Post Facto Clause of the United States Constitution. Second, Hoennicke claims that the judge improperly denied his Motion for Judgment of Acquittal because the State presented insufficient evidence that Karl's testimony did not derive from memories recovered by psychotherapy.

## II. ANALYSIS

### A. The Statute of Limitations Did Not Bar Hoennicke's Prosecution.

■ During the period between 1988 and 1992, when Hoennicke's alleged sexual misconduct against Karl was ongoing, the applicable statute of limitations that encompassed the misconduct was Delaware's general statute of limitations for felony offenses, which is five years.[1] On July 15, 1992, the General Assembly amended 11 *Del. C.* § 205 by adding subsection (e), which permitted prosecution of delineated sexual offenses after the expiration of the

five year general limitation period if the prosecution commenced within 2 years of the initial disclosure of misconduct to an appropriate law enforcement agency.[2] The parties agree that this extension applied to Hoennicke.[3]

On June 24, 2003, the General Assembly struck the text of subsection (e) in its entirety and replaced it.[4] As of that date, the law provided for an unlimited limitations period for sexual offenses, including those that Hoennicke allegedly committed.[5] When the General Assembly passed the unlimited limitations period in 2003, Hoennicke was still within the two year "extended disclosure" limitations period of the previous subsection (e) because Karl had not yet disclosed Hoennicke's alleged misconduct.

■ The issue of whether the unlimited limitations period of amended Section 205(e) applies to Hoennicke in this case requires us to interpret Section 205(e). We review matters of statutory interpretation *de novo*.[6] We also review claims of

---

1. 11 *Del. C.* § 205(b)(1).

 (b) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:

 (1) A prosecution for any felony except murder, of any class A felony, or any attempt to commit said crimes, must be commenced within 5 years after it is committed;

 . . .

2. 68 Del. Laws ch. 397 §§ 1–2 (1992). *See also Bryant v. State*, 781 A.2d 692, 2001 WL 433452, at *2 (Del. Apr. 25, 2001) (TABLE).

3. Op. Br. at 8–9; Ans. Br. at 8–9.

4. 74 Del. Laws ch. 56 § 1 (2003).

5. 11 *Del. C.* § 205(e).

 (e) Notwithstanding the period prescribed by subsection (b) of this section, a prosecution for any crime that is delineated in

Subpart D of Subchapter II of Chapter 5 of this title, or is otherwise defined as a "sexual offense" by § 761 of this title except §§ 763, 764 or 765 of this title, or any attempt to commit said crimes, may be commenced at any time. No prosecution under this subsection shall be based upon the memory of the victim that has been recovered through psychotherapy unless there is some evidence of the corpus delicti independent of such repressed memory. This subsection applies to all causes of action arising before, on or after July 15, 1992, and to the extent consistent with this subsection, it shall revive causes of action that would otherwise be barred by this section.

6. *Wright v. State*, 980 A.2d 372, 377 (Del. 2009).

constitutional error *de novo.*[7]

 When interpreting a statute, we aim to "ascertain and give effect to the intent of the legislature."[8] When the unambiguous language of a statute clearly reflects the intent of the legislature, then that language controls.[9] Here, the 2003 amendment to Section 205(e) plainly states that prosecutions for specified sexual offenses, which include those that Hoennicke allegedly committed, "may be commenced at any time."[10] With respect to the conduct that Hoennicke allegedly committed, the 2003 amendment clearly extended the previous limitations period of two years after reporting, to an unlimited period.

Here, Hoennicke allegedly committed sexual abuse between 1988 and 1992. Under the five year limitations period in effect at that time, the absolute earliest bar to his prosecution would have been 1993. Before his prosecution became time barred, however, the General Assembly added the "first disclosure" clause. That amendment extended the limitations period for crimes that occurred within five years of its enactment,[11] which included Hoennicke's alleged offenses in this case. Under the "first disclosure" limitations period of Section 205(e), Hoennicke's prosecution was not time barred on the date of the 2003 amendment that extended the limitations period indefinitely, because Karl had not yet reported the abuse to any law enforcement agency. Under the logic

of *Bryant v. State*[12] the unlimited limitations period of post–2003 Section 205(e) applies to Hoennicke, and the statute did not time bar his prosecution.

Hoennicke argues that the amendment creating the unlimited limitations period is unconstitutionally *ex post facto.* He cites *Stogner v. California*[13] for support. *Stogner,* however, is inapposite. In *Stogner,* the United States Supreme Court held that a state violated the Ex Post Facto Clause of the United States Constitution by passing an extended limitations period that revives prosecutions for which the previous limitations period has already expired.[14] Here, the limitations period governing Hoennicke's prosecution had never expired. His prosecution was not yet time barred when the General Assembly extended the limitations period indefinitely in 2003. Therefore, the unlimited limitations period, as applied to Hoennicke's prosecution, does not violate the Ex Post Facto Clause.

## B. The State Properly Alleged the Tolling Provisions of Section 205(e) in the Indictment, and the Judge Properly Denied Hoennicke's Motion for Judgment of Acquittal.

 In any prosecution under Section 205(e), the State must affirmatively allege the tolling provisions of Section 205(e) in the indictment.[15] Once the State does this,

---

7. *Dickerson v. State,* 975 A.2d 791, 795 (Del. 2009).

8. *Bryant,* 2001 WL 433452, at *1 (quoting *Ingram v. Thorpe,* 747 A.2d 545, 547 (2000)).

9. *Id.* at *1 (citing *Spielberg v. State,* 558 A.2d 291, 293 (1989)).

10. § 205(e).

11. *See Bryant,* 2001 WL 433452, at *2.

12. *See* n. 2, *supra.*

13. 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003).

14. *Id.* at 610, 123 S.Ct. 2446.

15. *See* 11 *Del. C.* § 205(j).

(j) In any prosecution in which subsection (c), (d), (e), (h) or (i) of this section is sought to be invoked to avoid the limitation period of subsection (b) of this section, the State must allege and prove the applicability of subsection (c), (d), (e), (h) or (i) as an element of the offense.

"the[ ] [provisions] then become elements of the offense."[16] In the context of Section 205(e), one of the tolling provisions the State must affirmatively allege is that "[n]o prosecution under this subsection shall be based upon the memory of the victim that has been recovered through psychotherapy unless there is some evidence of the corpus delicti independent of such repressed memory."[17] In this case, the State properly alleged in the indictment, independently for each count, that the prosecution was "not based upon a memory of the victim recovered through psychotherapy."[18] That then became an element of the offense which the State had the burden of proving beyond a reasonable doubt at trial.

■ After the State finished its case in chief, Hoennicke filed a Motion for Judgment of Acquittal, in part citing the State's failure to prove that Karl's testimony was not the product of the psychotherapeutic recovery of repressed memories. After discussion with counsel for both parties, the judge denied Hoennicke's motion. At the conclusion of the trial, the judge properly instructed the jury that the State had the burden of proving beyond a reasonable doubt that the prosecution was not based upon Karl's memory, recovered through psychotherapy unless there was some independent evidence of the crime.[19] The jury, having implicitly determined that the State had carried its burden, found Hoennicke guilty of 12 counts. On appeal, Hoennicke argues that the judge should have granted his Motion for Judgment of Acquittal.

■ We review the denial of a Motion for Judgment of Acquittal *de novo* to determine whether any rational finder of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt.[20] We do not distinguish between direct and circumstantial evidence.[21]

The record before us offers minimal evidence to the effect that Karl's memories were not repressed nor recovered by psychotherapy. Indeed, the only evidence on point appears to be a brief exchange between Karl and the prosecutor on direct examination:

[Prosecutor]: And it's been a number of years since this happened to you. Why did you come forward at this point?

[Karl Hoennicke]: I was trying to protect somebody else from having it happen to them.[22]

At no point in the record does any participant in the trial—not the judge, prosecutor, defense counsel, defendant, nor witnesses—mention anything about repressed memories or psychotherapy.

---

16. *State v. Baker*, 679 A.2d 1002, 1007 (Del.Super.1996). *See also* 11 *Del. C.* § 232. 11 *Del. C.* § 232. Definition relating to elements of offense.

"Elements of an offense" are those physical acts, attendant circumstances, results and states of mind which are specifically included within the definition of the offense or, if the definition is incomplete, those states of mind which are supplied by the general provisions of this Criminal Code. *Facts* establishing jurisdiction and venue and *establishing that the offense was committed within the time period prescribed in § 205 of this title must also be proved as elements of the offense.*

(emphasis added).

17. § 205(e).

18. Appendix to Op. Br. at A5—A16.

19. Appendix to Op. Br. at A63; A65; A67.

20. *Gibson v. State*, 981 A.2d 554, 557 (Del. 2009).

21. *Id.*

22. Appendix to Op. Br. at A23.

While the affirmative evidence in this case is minimal and circumstantial, our review is strict. We make no distinction between direct and circumstantial evidence, we view this evidence in the light most favorable to the State, and we reverse only if no rational trier of fact could find Hoennicke guilty beyond a reasonable doubt on this evidence. Viewing the evidence in the light most favorable to the State, we conclude that Karl's stated motivation for reporting the abuse—to protect others—is to the exclusion of alternative reasons, involving repression and recently, revived memory through the aid of psychotherapy. Otherwise, Karl would have cited that latter reason. A rational trier of fact hearing this testimony could have decided that the State had proved the lack of psychotherapy beyond a reasonable doubt.

To be sure, the prosecutor could have more directly addressed this issue on direct examination by asking a more specific, pointed question. For whatever reason, however, he did not. We hesitate to announce a position, the essence of which involves the Court directing practitioners with respect to the precise semantics required to prove the elements of their cases. We are particularly hesitant to do so under the strict standard of review here.

## CONCLUSION

The Statute of Limitations did not bar Hoennicke's prosecution, the State needed to and did plead the tolling provisions in the indictment, and on the record before us, the trial judge properly denied Hoennicke's Motion for Judgment of Acquittal. For these reasons, we AFFIRM the judgment of the Superior Court.