# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

STATE OF DELAWARE,    :

          :  ID NO. 1401000712

_____v._____ :

          :

TERRY C. ADGATE,    :

          :

    **Defendant.**   :

_____

*Submitted: June 13, 2014*
*Decided: July 7, 2014*

***Upon Consideration of***
***Defendant's Motion to Dismiss***
**DENIED**

***Upon Consideration of***
***Defendant's Motion for Bill of Particulars***
**DENIED**

***Upon Consideration of***
***Defendant's Motion for a Deberry Instruction***
**GRANTED**

**ORDER**

Abigail R. Layton, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State of Delaware.

William J. Rhodunda, Jr., Esquire of Rhodunda & Williams, LLC, Wilmington, Delaware for Defendant.

Young, J.

## SUMMARY

Terry Adgate ("Defendant") has been charged with four sexual offenses stemming from incidents, three of which are alleged to have occurred between January 1, 1990 and December 31, 1993; and the fourth between April 1, 1996 and July 1, 1996. The allegations bringing about all charges are asserted by Defendant's former stepdaughter ("Claxton").

Because 11 *Del. Code* § 205, providing for no limitation on the time of filing these actions, applies, Defendant's Motion to Dismiss is **DENIED**.

Because the indictment, together with the affidavit of probable cause, provides legally sufficient information of the specific crimes being alleged, against Defendant, the Motion for Bill of Particulars is **DENIED**.

Because the trial elements of the crimes alleged against Defendant will necessarily entail issues of credibility, and because a prior police investigation dismissing similar claims could reflect upon credibility, the absence of reports, thereof, satisfy *Deberry*[1] and progeny requirements. Hence, Defendant's Motion for a *Deberry* instruction is **GRANTED**.

## FACTS AND PROCEDURAL POSTURE

Defendant has been charged with three counts of unlawful sexual penetration third degree occurring between January 1, 1990 and December 31, 1993, and one count of attempted unlawful sexual intercourse second degree occurring between April 1, 1996 and July 1, 1996. The allegations leading to those

---

[1] *Deberry v. State*, 457 A.2d 744 (Del. 1983).

charges have been asserted by Claxton.

Over twenty years prior to these allegations, Claxton evidently reported similar claims to the police. Those reports were made sometime in 1985 to 1987, when Claxton was 10 to 12 years old. A police investigation apparently was conducted, though Defendant was never arrested for or charged with any offense. According to the State, no police documentation exists relative to that incident.

Claxton made a second report of sexual abuse by Defendant on October 10, 2013. In this disclosure, she reported that Defendant sexually abused her between January 1, 1990 and December 31, 1993. Claxton also reported that Defendant attempted to assault her sexually between April 1, 1996 and July 1, 1996. When Defendant asked the State for the earlier, unpursued materials, the State's counsel refused. However, the State provided the report, which detailed the investigation of the instant charges, on March 6, 2014.

From the late 1980s until the mid-1990s, Claxton, who was a minor during a portion of this period, lived with Defendant. Once she became an adult, both she and her husband continued to live with Defendant even after her mother moved out of the residence.

On August 17, 2012, Defendant was arrested on twenty five counts of Dealing in Child Pornography. Defendant pled guilty to, and was sentenced on, three counts of Dealing in Child Pornography on November 14, 2013. Following Defendant's arrest and some media attention regarding the matter, Child Predator Task Force received calls regarding allegations of prior sex abuse committed against children by Defendant. The Child Predator Task Force began an

investigation into these allegations, culminating in the instant charges.

Defendant filed the Motion to Dismiss, the Motion for Bill of Particulars and the Motion for a *Deberry* instruction on May 23, 2014. The State filed a Response to Defendant's Motions on June 11, 2014.

**DISCUSSION**

*Motion*

Defendant presents several issues: 1) Are the charges barred by the applicable statute of limitations?; 2) Does Defendant have a constitutional right to the records surrounding the police investigation twenty years ago?; 3) Did the State have a duty to preserve the first police report? If so, did the State breach this duty?; and 4) What is the significance of the missing first report from over twenty years ago, considering the probative value and reliability of secondary or substitute evidence that remains available?

I. *Statute of Limitations*

Regarding the first issue, 11 *Del. Code* § 205 (e) revised the statute of limitations to permit the prosecution of sexual offenses to commence at any time. The purpose of the amendment was stated to be to "ensure that in the future sexual offenses may be prosecuted regardless of when the crime was discovered or reported."[2]

Defendant argues that the intent of the amendment was not to permit a twenty year delay in prosecuting an allegation that was reported to the authorities

---

[2] (Exhibit B, Synopsis of House Bill No. 66).

4

twenty years prior. Morever, Defendant contends that the State has provided no additional evidence from the investigation twenty years ago, has offered no additional witnesses from twenty years ago, and has offered no basis for the charges to be filed at such a late date. Defendant asserts that the only evidence offered by the State is the limited testimony of Claxton and her mother. Further, Defendant argues that permitting the prosecution of this matter to occur unconstitutionally precludes Defendant from defending himself.

The State cites *Hoeninicke v. State*, 13 A.3d 744 (Del. 2010). That case has facts very similar to the instant matter. The Delaware Supreme Court held that the amended statute did provide for the unlimited limitations period. The defendant was convicted of unlawful sexual contact in the second degree. In *Hoeninicke*, the Delaware Supreme Court also noted that, under the "first disclosure" tolling period, the defendant's prosecution was not barred on the date of the 2003 amendment, because the victim had not yet reported the abuse to the police.[3]

In the instant case, Claxton also had not yet reported the 1990 to1993, and 1996 attempted assaults to the police. The "first disclosure" in this matter did not occur until 2013. The unlimited statute of limitations pursuant to 11 *Del. Code* § 205 applies. Thus, Defendant's Motion is DENIED, the case will not be dismissed on this ground.

II. *Defendant's Request for Bill of Particulars*

Defendant requests that the Court grant a Bill of Particulars in this matter,

---

[3] *Id.*

directing the State to identify the precise date, time, and location of the allegations against Defendant. Defendant makes this request on the basis that he is unclear when the victim is alleging the incidents, which span across a total of 6 ½ years time, set forth in the present charges. Defendant argues that he cannot properly defend the vague allegations unless a more precise date, time, and location are provided.

In the Response to Defendant's request for a Bill of Particulars, the State argues that the indictment sets forth the time periods during which Claxton's abuse allegedly occurred, as well as the specific conduct which the State contends constitutes abuse. The purpose of an indictment is to put Defendant on notice of what he is being called upon to defend, and to prevent subsequent prosecutions for the same offense.[4] This purpose is fulfilled if the indictment contains a plain statement of the essential facts constituting the offense charged.[5]

In *Corbin*, the Delaware Supreme Court found that, when an indictment contained the official citation to the statute, the name of the offense, and clearly stated that the defendant was being charged with a specific crime, the indictment was sufficient to give notice of the offense and the allegations of the State. In this matter, the indictment contains all of the required information, thereby, providing sufficient notice to Defendant. Additionally, Defendant has been provided a copy of the probable cause affidavit and the investigative report, providing additional

---

[4] *Corbin v. State*, 711 A.2d 1227 (Del. 1998).

[5] *Id*.

incident detail. Thus, Defendant's Request for Bill of Particulars is **DENIED**.

III. *Right to Prior Records*

Regarding the third issue, Defendant argues, citing *Johnson v. State*, 27 A.3d 541 (Del. 2011), that he has a constitutional right of access to evidence, namely the first report. Defendant asserts that, since the State has advised counsel that the documents regarding the initial investigation were not available to Defendant, the case should be dismissed pursuant to *Deberry v. State*, 457 A.2d 744 (Del. 1983). Further, Defendant contends that the first police report should be subject to disclosure pursuant to Superior Court Criminal Rule 16 or *Brady v. Maryland*, 373 U.S. 83 (1963): "[U]nder Criminal Rule 16(b), a defendant need only show that an item 'may be material to the preparation of his defense' to be discoverable."[6]

It is Defendant's position that any documentation or report from the investigation that occurred close to the time of the allegations, and that resulted in Defendant's not being charged with these crimes twenty years ago, is vital and material to Defendant's defense. Claxton first reported the sexual abuse, which is the subject of the allegations at hand, in 2013. Transcripts of the interviews of Claxton and her mother were provided to Defendant on January 14, 2014. In addition, the State provided the second report relating to this investigation to Defendant on March 6, 2014. Defendant, however, now seeks Claxton's first report of alleged sexual abuse by Defendant, which allegedly took place between

---

[6] *Johnson*, 27 A.2d at 546.

1985 and 1987.

The State has conducted an investigation as to whether or not a police report surrounding this investigation was made. Based on this investigation, the State has concluded that a police report does not exist detailing the 1985-1987 allegations.

In *Johnson*, the defendant argued that the Superior Court erred by not concluding that the failure of the police to gather clothing from an automobile and a bedroom violated the defendant's constitutionally guaranteed right of access to evidence. In that case, the defendant was charged with possession of a deadly weapon by a person prohibited. *Deberry* involved a situation in which the police failed to preserve evidence that was once in their possession. Conducting a *Deberry* analysis helps to answer this question: What relief is appropriate when the State had or should have had the requested evidence, but that evidence did not exist when the defense sought its production?

To that effect, the Delaware Supreme Court has held that such claims must be analyzed with the following questions: 1) Would the requested material, if extant in the possession of the State at the time of the defense request, have been subject to disclosure under Criminal Rule 16 or *Brady*?; 2) If so, did the government have a duty to preserve the material?; and 3) If there was a duty to preserve, was the duty breached, and what consequences should flow from a breach?[7] The third question is determined in accordance with a separate three-part analysis which considers: 1) the degree of negligence or bad faith involved; 2) the

---

[7] *Johnson*, 27 A.3d 541, 545.

8

importance of the missing evidence considering the probative value and reliability of secondary or substitute evidence that remains available; and 3) the sufficiency of the other evidence produced at the trial to sustain the conviction.[8]

First, pursuant to *Deberry* and *Hammond v. State*, 569 A.2d 81 (Del. 1989), the Delaware Supreme Court in *Johnson* noted that determining whether the clothes would have been discoverable under *Brady* would be "fruitless," since they were no longer available for examination. The Court moved on to analyze whether the clothes would have been discoverable under Superior Court Criminal Rule 16 (b), which only requires the defendant to show that an item "may be material to the preparation of his defense."[9]

In the instant matter, that first report is believed to detail the investigation of the 1985-1987 allegations of abuse. Defendant, of course, is being charged for allegations of abuse that occurred between January 1, 1990 and December 1993, and attempted sexual assault on or between April 1, 1996 and July 1, 1996. Even though an investigation of the 1985-1987 police report resulted in Defendant not being charged for those allegations, that outcome still pertained only to the 1985-1987 allegations, not the later and completely separate allegations of abuse at hand in this matter.

Unlike this case, *Johnson* involved missing exculpatory evidence that existed during the incident from which Defendant's charges stemmed. In this case,

---

[8] *Id.* at 546.

[9] *Johnson*, 27 A.3d at 546.

there are two alleged incidents of abuse, but Defendant's charges stem only from the second incident. The first report of abuse detailing incidents occurring between 1985 to 1987 is not directly material to the allegations at hand.

Second, the Court in *Johnson* declined to prescribe the exact procedures that law enforcement agencies must follow to fulfill their duty of preserving evidence. However, the Court held that agencies should create rules for gathering and preserving evidence that are broad enough to encompass "any material that could be favorable to a defense."[10] In this case, the first report detailed the same kinds of charges of abuse being brought against Defendant now. An investigation of the first report resulted in Defendant's not being charged for the alleged sexual abuse. Hence, the first report could be considered exculpatory in nature,[11] and could have potentially been favorable to Defendant's defense. Even though the first report does not directly concern the matter at hand, the government had a general duty to preserve the first report.

Third, this Court analyzes whether the duty to preserve the first report was breached, and what consequences should flow from the breach, using *Deberry's* three-part analysis in this matter. The State has informed counsel that the first report surrounding the investigation of alleged abuse between 1985 and 1987 does not exist. Thus, the police either failed to create or failed to preserve any first report. With regard to the degree of bad faith that was involved in the failure of the

---

[10] *Johnson,* 27 A.3d at 547.

[11] *Id.* at 549.

State to preserve the first report, mere negligence will suffice to satisfy this prong.[12] At this juncture, there is no way of knowing why the first report was not created or preserved. The failure does suggest some degree of negligence by the State, satisfying this third prong.

Fourth, the Court considers the importance of the missing first report in light of the probative value and reliability of secondary evidence available. Defendant argues that his defense will be based upon the credibility of Claxton, making a report of the much earlier incident important. That circumstance may be emphasized in light of the limited secondary evidence available. Of course, the first report is irrelevant to the actual allegations at hand. Defendant is not charged with abuse from 1985 to 1987. Defendant is charged with the abuse that took place between January 1, 1990 and December 31, 1993, and an attempted sexual assault on or between April 1, 1996 and July 1, 1996. The State has provided Defendant with all discoverable material relating to those charges. Nevertheless, Claxton's credibility over twenty years ago may have some materiality to her alleged lack of credibility years later in this completely different set of alleged incidents of abuse. Therefore, in light of these facts, *Deberry* does apply. The police will be permitted to explain in testimony why the first report was either not made or not preserved.

Regardless, an instruction to the jury will be given, recognizing the peculiar circumstances of this case, consistent with the mandates of *Lolly v. State*, 611 A.2d 956 at footnote 6 page 962 (Del. 1992).

---

[12] *Id.* at 547.

11

The following is the instruction presently proposed by the Court. The exact text of the instruction to be given to the jury may be argued by counsel prior to trial.

> "In this case, the Court has determined that the State failed to create or to preserve certain evidence, which is material to the defense. The failure of the State to create or preserve such evidence entitles the Defendant to an inference that, if such evidence were available at trial, it would be exculpatory. This means that, for purposes of deciding this case, you are to assume that the missing evidence, had it been created or preserved, would not have incriminated the Defendant, but would have been favorable to his assertion of not guilty.
>
> This inference does not necessarily establish the Defendant's innocense. If there is other evidence presented which establishes the issue to which the missing evidence pertains, you must weigh that evidence along with this inference.
>
> Hence, despite this inference concerning missing evidence, if you conclude after examining all of the evidence that the State has proven beyond a reasonable doubt all of the elements of the offenses charged, you would be justified in returning a verdict of guilty."

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. Defendant's Request for Bill of Particulars is **DENIED**. Defendant's Motion for a *Deberry* or *Lolly* instruction to the jury is **GRANTED**.

      **IT IS SO ORDERED**.

/s/ Robert B. Young
            J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
          Opinion Distribution
          File