IN THE SUPREME COURT OF THE STATE OF DELAWARE

FRED HUFFMAN,                     §
                                  §
    Defendant Below,              §   No. 515, 2014
    Appellant,                    §
                                  §   Court Below—Superior Court
    v.                            §   of the State of Delaware,
                                  §   in and for New Castle County
STATE OF DELAWARE,                §   Cr. ID No. 1112004258
                                  §
    Plaintiff Below,              §
    Appellee.                     §

Submitted:  May 8, 2015
Decided:  July 6, 2015

Before **HOLLAND**, and **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 6th day of July 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Fred Huffman, pled guilty to Unlawful Sexual Intercourse in the Second Degree.  Huffman appeals the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").  We find no merit to Huffman's appeal and affirm the Superior Court's judgment.

(2)    The record reflects that, in March 2012, Huffman was indicted for seven counts of Unlawful Sexual Intercourse in the First Degree and five counts of Unlawful Sexual Contact in the Second Degree.  The indictment alleged that

Huffman sexually assaulted his stepdaughter (the "Stepdaughter") between January 1991 and December 1995 when the Stepdaughter was less than sixteen years old. The Stepdaughter reported Huffman's assaults to the police in November 2010.

(3) On September 17, 2012, Huffman pled guilty to one count of Unlawful Sexual Intercourse in the Second Degree as a lesser included offense of Unlawful Sexual Intercourse in the First Degree. A presentence investigation ("PSI") report was ordered. Before sentencing, Huffman filed multiple *pro se* submissions, including two petitions for a writ of *habeas corpus*, a motion for bail reinstatement, special prosecutor, and to set aside plea, a motion to dismiss for delayed indictment, a motion to dismiss counsel or appoint new counsel, and a motion for the PSI report. The Superior Court denied the motions.

(4) On July 26, 2013, Huffman was sentenced, effective September 17, 2012, to twenty years of Level V incarceration, suspended after ten years for decreasing levels of supervision. Per the terms of the plea agreement, Huffman was also required to register as a Tier III sex offender. Huffman did not file a direct appeal.

(5) On June 26, 2014, Huffman filed his first motion for postconviction relief. Huffman asserted a number of convoluted and overlapping claims that can be summarized as follows: (i) the date of Huffman's offense was manipulated in order to increase his statutory punishment; (ii) prosecution of Huffman's offense

2

was time-barred and the amendment of 11 *Del. C.* § 205 ("Section 205") to extend the statute of limitations violated the *Ex Post Facto* Clause of the United States Constitution; (iii) the State improperly withdrew a more favorable plea offer before Huffman had an opportunity to consider it; (iv) the length of Huffman's probation was excessive and he should not have been required to register as a Tier III sex offender; (v) the plea offered in the *Richards v. State*[1] case reflected that the Department of Justice was biased against Huffman; (vi) the Department of Correction was not adequately treating his various medical ailments; (vii) the State used an outdated criminal history and disclosed that history to the Stepdaughter in violation of 11 *Del. C.* § 8513; (viii) he was entitled to credit for time he spent out of prison on bail; (ix) he was denied his right to review the PSI report before the sentencing hearing; (x) he did not intentionally molest the Stepdaughter; (xi) he was subjected to double jeopardy; and (xii) obstruction of justice.

(6)     In a letter filed with the Superior Court on July 25, 2014, Huffman reiterated his claims. Despite challenging his sentence and conviction on a variety of grounds, Huffman also claimed that he took responsibility for his misconduct and did not deny culpability for his offense. On August 12, 2014, Huffman filed a motion for appointment of counsel.

---

[1] It appears that Huffman is referring to *State v. Richards*, Cr. ID No. 0712004992 (Del. Super. Ct.).

3

(7)    In an order dated August 21, 2014, the Superior Court denied Huffman's motions for postconviction relief and appointment of counsel.  The Superior Court concluded that Huffman was challenging his sentence rather than his conviction and therefore his claims and motion for appointment of counsel were outside the scope of Rule 61.  This appeal followed.

(8)    This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[2]  The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[3]  Issues that Huffman fails to raise in his opening brief or that he attempts to incorporate by reference to his Superior Court filings are waived.[4]

(9)    As he did in the Superior Court, Huffman raises a number of convoluted and overlapping claims while purporting to take responsibility for his actions against the Stepdaughter.  Huffman does not challenge the Superior Court's denial of his motion for postconviction counsel under Rule 61(e).  We agree with

[2] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[4] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); Supr. Ct. 14(c) ("Appellant shall not reserve material for reply brief which should have been included in a full and fair opening brief."); *Ploof v. State*, 75 A.3d 840, 866 (Del. 2013) (holding defendant waived issues that were incorporated by reference to Superior Court briefing). *Lampkins v. State*, 2010 WL 4735029, at *1 n.5 (Del. Nov. 22, 2010) (declining to address claim raised for first time in reply brief).  Huffman asks this Court to review the Superior Court's denial of his motions to replace counsel, to assign a special prosecutor, and to set aside a plea without making any arguments in support of this request in his opening brief.

the Superior Court that many of Huffman's claims fall outside the scope of Rule 61, but conclude that some of the claims do fall within the scope of Rule 61. We nonetheless affirm the Superior Court's denial of Huffman's motion for postconviction relief on the independent and alternative ground that he failed to overcome the procedural hurdles of Rule 61 for the claims that fell within the scope of Rule 61.[5]

(10)　Huffman first argues that the five year statute of limitations in effect at the time of his offense had expired by the time of his indictment and that amendment of Section 205 to extend the statute of limitations for certain sexual offenses violated the *Ex Post Facto* Clause. Huffman could have raised these claims in a timely direct appeal, but did not do so. These claims are therefore barred by Rule 61(i)(3) unless Huffman can establish cause for his failure to raise these claims on appeal and prejudice from the violation of his rights[6] or satisfy the requirements of Rule 61(i)(5). Huffman does not attempt to satisfy the cause and prejudice requirements of Rule 61(i)(3), but instead relies upon Rule 61(i)(5).

(11)　Effective June 4, 2014, Rule 61(i)(5) provides:

---

[5] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del.1995) (noting that Delaware Supreme Court may affirm judgment on basis of different rationale than rationale articulated by trial court).

[6] Super. Ct. Crim. R. 61(i)(3) (2014) (providing that claim not asserted in proceedings leading to judgment of conviction is barred unless movant shows cause for default and prejudice from violation of movant's rights).

*Bars inapplicable*. The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

These subparagraphs require that a movant:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[7]

(12)   Assuming that Huffman's statute of limitations claim constitutes a claim that the Superior Court lacked jurisdiction,[8] this claim is without merit. First, Huffman's reliance on April 3, 1990 as the date of the offense is misplaced. The April 3, 1990 date appeared in the arrest warrant, but the indictment charged Huffman with committing crimes against the Stepdaughter between January 1991 and December 1995.  At the guilty plea colloquy, the indictment was amended to reflect that Huffman was pleading guilty to Unlawful Sexual Intercourse in the Second Degree as a lesser included offense of Unlawful Intercourse in the First Degree and that the crime occurred on or between January 1, 1993 and December

---

[7] Super. Ct. Crim. R. 61(d)(2) (2014).

[8] *Cf. Cane v. State*, 560 A.2d 1063, 1065-66 (Del. 1989) (construing Section 205 "to be jurisdictional in nature" and to confer substantive rights that defendant cannot waive).

31, 1993. The transcript of the guilty plea reflects that Huffman understood the relevant time period was January 1, 1993 to December 31, 1993.[9]

(13) Second, the General Assembly amended Section 205(e) in 2003 to provide that a prosecution for certain sexual offenses, including Unlawful Sexual Intercourse in the Second Degree, could be commenced at any time.[10] Section 205(e) applies to all causes of action arising before or after July 15, 1992.[11] Thus, the statute of limitations had not expired by the time of Huffman's indictment in 2012. Huffman argues that the amendment of Section 205(e) violated the *Ex Post Facto* Clause of the United States Constitution, but we rejected a similar argument in *Hoennicke v. State*.[12]

(14) In *Hoennicke*, the appellant argued that his 2009 prosecution for various sexual offenses committed between 1988 and 1992 was time-barred because the five-year statute of limitations in effect at the time of the offenses had expired and that the 2003 amendment of Section 205(e) violated the *Ex Post Facto* clause.[13] This Court noted that the General Assembly amended Section 205(e) on

---

[9] Appendix to State's Answering Brief at B35.

[10] 11 *Del. C.* § 205(e) (2003).

[11] *Id.*

[12] 13 A.3d 744 (Del. 2010).

[13] *Id.* at 745.

July 15, 1992 to permit "prosecution of delineated sexual offenses after the expiration of the five year general limitation period if the prosecution commenced within 2 years of the initial disclosure of misconduct to an appropriate law enforcement agency."[14]   Based upon this 1992 amendment, prosecution of the appellant was not time-barred at the time of the 2003 amendment because the victim had not yet reported the crime to any law enforcement agency.[15]   We concluded that the unlimited statute of limitations period as applied to the appellant's offenses did not violate the *Ex Post Facto* Clause because it simply extended the statute of limitations and did not revive a prosecution where the statute of limitations had already expired.[16]

(15)   Based upon the reasoning in *Hoennicke*, application of the unlimited statute of limitations period to Huffman's offenses did not violate the *Ex Post Facto* Clause because those offenses were not disclosed to law enforcement until November 2010.  Accordingly, prosecution of Huffman was not time-barred and the Superior Court did not lack jurisdiction.

(16)   Again relying upon the April 3, 1990 date, Huffman claims that he was subject to a two year minimum Level V sentence, not the ten year minimum

---

[14] *Id*. at 746.

[15] *Id.* at 747.

[16] *Id.*

8

Level V sentence for offenses committed on or after June 30, 1990[17] and that was reflected in Truth-in-Sentencing Guilty Plea form he signed. Huffman also attacks the requirement that he register as a Tier III sex offender and the imposition of probation after his release from prison. These claims are not cognizable under Rule 61.[18]

(17) Huffman next argues that he was denied his right under Superior Court Criminal Rule 32(c)(3) to review the PSI report seven days before sentencing. This claim is outside the scope of Rule 61.[19]

(18) Based upon the *State v. Richards* case and, for the first time on appeal, the *State v. Wheeler*[20] case, Huffman claims that the prosecution unfairly discriminated against him. Huffman did not raise this claim on appeal and has not shown cause for his failure to raise this claim on appeal. Nor has Huffman met

---

[17] 11 *Del. C.* § 774 (1990) (providing that minimum sentence for person convicted of Unlawful Sexual Intercourse in the Second Degree was ten years). Former 11 *Del. C.* § 774 was repealed and replaced by 11 *Del. C.* § 772 (Rape in the Second Degree), which also provides for a ten year minimum sentence.

[18] Super. Ct. Crim. R. 61(a) ("*This rule governs the procedure on an application* by a person in custody under a sentence of this court *seeking to set aside the judgment of conviction or a sentence of death* on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.") (emphasis added); *Pearlman v. State*, 2009 WL 766522, at *1 (Del. Mar. 25, 2009) (holding claim that only implicated non-capital sentence was not cognizable under Rule 61).

[19] Super. Ct. Crim. R. 61(a).

[20] It appears that Huffman is referring to *State v. Wheeler*, Cr. ID No. 1310019248 (Del. Super. Ct.), which has been the subject of recent press coverage.

the pleading requirements of Rule 61(i)(5). Accordingly, this claim is barred by Rule 61(i)(3).

(19) Huffman next contends that his criminal history was shown to the Stepdaughter in violation of 11 *Del. C.* § 4322 and 11 *Del. C.* § 8513. According to Huffman, the Stepdaughter disclosed this information to others to defame him. This claim is outside the scope of Rule 61.[21] Huffman's vague and unsupported references to health problems are also outside the scope of Rule 61.[22]

(20) Huffman further claims that his criminal history contained information more than ten years old and unspecified inaccuracies that prejudiced the prosecutor and Superior Court. Huffman did not raise this claim on appeal and has not shown cause for his failure to raise this claim on appeal. Nor has Huffman met the pleading requirements of Rule 61(i)(5). Accordingly, this claim is barred by Rule 61(i)(3).

(21) Huffman next appears to contend that he has a right under 11 *Del. C.* § 3901 to credit for time spent while he was out on bail. This claim is not cognizable under Rule 61.[23]

---

[21] *See supra* n.19.

[22] *See supra* n.19.

[23] *See supra* n.19.

(22) Huffman next argues that the prosecution withdrew a more favorable plea offer on the pretext of error before he had the opportunity to accept it. Huffman did not raise this claim on appeal and has not shown cause for his failure to raise this claim on appeal. Nor has Huffman met the pleading requirements of Rule 61(i)(5). Accordingly, this claim is barred by Rule 61(i)(3).

(23) Finally, Huffman contends that his right to a speedy trial was violated. Huffman did not raise this claim on appeal and has not shown cause for his failure to raise this claim on appeal. Nor has Huffman met the pleading requirements of Rule 61(i)(5). Accordingly, this claim is barred by Rule 61(i)(3).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

11