# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
)
v.        )
)
JOHN TAGGART,      )
)  ID No. 2502014263
Defendant.    )
)
)

Date Submitted: October 27, 2025
Date Decided: January 29, 2026

*Upon Consideration of the Defendant's Motions to Dismiss the Indictment.*
**GRANTED in part, DENIED in part.**

## ORDER

Diana A. Dunn, Deputy Attorney General for the DELAWARE DEPARTMENT OF JUSTICE.

James E. Liguori, Esquire for LIGUORI & MORRIS, *Attorney for Defendant*.

**SCOTT, J.**

**FACTS AND PROCEDURAL BACKGROUND**

1. In June 2022, the Catholic Diocese of Wilmington received an anonymous complaint alleging that John Taggart ("Defendant") sexually abused multiple complainants between May 1, 1995, and June 15, 1996 while working as a priest at St. Thomas the Apostle church in Wilmington.

2. The complaining witnesses provided a statement to the Wilmington Police Department on August 17, 2023.

3. On March 3, 2025, a New Castle County grand jury indicted Defendant on two counts for Unlawful Sexual Penetration Third Degree;  two counts for Dangerous Crime Against a Child;  four counts for Unlawful Sexual Intercourse First Degree;  one count for Unlawful Sexual Contact Second Degree;  and one count for Continuous Sexual Abuse of a Child.[1]

4. Defendant was arrested in March 2025 in Georgia and extradited to Delaware on April 8, 2025.

5. On June 3, 2025, Defendant filed two Motions to Dismiss the Indictment on all counts.  The State responded on October 17, 2025.  Defendant filed a reply on October 27, 2025.

---

[1] *See generally* Indictment, D.I. 60 ("Indictment").

## STANDARD OF REVIEW

6. Under Superior Court Criminal Rule 12(b)(2), a defendant may move to dismiss "based on defects in the indictment or information[.]" "A motion to dismiss is concerned with the sufficiency of the indictment on its face."[2] For an indictment to survive a motion to dismiss, it must "be a plain, concise and definite written statement of the essential facts constituting the offense charged."[3] Under Delaware law, "the Court should consider whether the indictment informs the defendant of the charge with sufficient particularity to permit her to prepare a defense properly."[4] Further, Rule 7(c)(1) permits "[a]llegations made in one count [to] be incorporated by reference in another count."

## DISCUSSION

7. In Defendant's first Motion to Dismiss, he argues that all counts of the indictment should be dismissed as a violation of the Ex Post Facto Clause of the United States Constitution. Alternatively, in Defendant's second Motion to Dismiss, he claims that all counts should be dismissed because the State failed to meet its burden of proof under 11 *Del. C.* Section 205(e) to show that the prosecution is not based solely on memories recovered through psychotherapy.

---

[2] *State v. McGuiness*, 2022 WL 1538488, at *2 (Del. Super. May 13, 2022) (citing *State v. Shahan*, 335 A.2d 277, 283 (Del. Super. Mar. 18, 1975)).
[3] Super. Ct. Crim. R. 7(c)(1).
[4] *McGuiness*, 2022 WL 1538488, at *2 (citing *Shahan*, 335 A.2d at 284).

**I.     Counts II and VIII are dismissed.**

8.  Defendant first challenges Counts II and VIII of the indictment for Dangerous Crimes Against a Child as violating the Ex Post Facto Clause of the United States Constitution.   Counts I through IV of the indictment allege that the events constituting the crime took place between May 1, 1995 and June 15, 1995.  Counts V through X allege that the criminal acts occurred between September 1, 1995 and June 15, 1996.

9.  The "Ex Post Facto Clauses of the United States Constitution prohibit the Federal Government and the States from enacting laws with certain retroactive effects."[5]   In *Stogner v. California*, the United States Supreme Court "held that a state violated the Ex Post Facto Clause . . . by passing an extended limitations period that revives prosecutions for which the previous limitations period has already expired."[6]

10.  According to Defendant, Count II violates the Ex Post Facto Clause because the criminal acts and the dates alleged—May 1, 1995 through June 15, 1995— precede the date the legislature approved the statute for Dangerous Crimes Against a Child, which took effect on July 4, 1995.[7]  Defendant further avers that Count VIII

---

[5] *Stogner v. California*, 539 U.S. 607, 610 (2003) (citing U.S. Const. art. I, § 9, cl. 3; U.S. Const. art. I, § 10, cl. 1).

[6] *Hoennicke v. State*, 13 A.3d 744, 747 (Del. 2010) (citing *Stogner*, 539 U.S. at 610).

[7] 70 *Del. Laws* c.124, § 1 (1995).

should be dismissed for the same reason because it incorporates by reference Count I of the indictment, which alleges the same dates as Count II.

11. The State concedes that Count II is improper under the Ex Post Facto Clause and will enter a nolle prosequi as to this count. As to Count VIII, the State argues that it mistakenly incorporated by reference Count I, when it meant to refer to Count VII.

12. Nonetheless, Defendant argues that Count VIII should be dismissed as barred under the statute of limitations because the General Assembly's 1992 amendment to 11 *Del. C.* § 205(e) extending the limitations period for certain delineated offenses did not apply to Dangerous Crimes Against a Child. The State contends that the General Assembly's 2003 amendment to Section 205(e) applies to Defendant under *Hoennicke v. State*.[8]

13. The Court agrees with Defendant. The statute of limitations on Defendant's alleged criminal conduct is five years under 11 *Del. C.* § 205(b)(1). On July 15, 1992, the General Assembly amended Section 205 to include subsection (e), which extended the statute of limitations beyond five years for "crimes delineated in sections 767 through 775 and section 1108 of . . . Title [11] where the victim of such sexual offense" was (1) a minor, and (2) the prosecution commenced within two

---

[8] 13 A.3d 744 (Del. 2010).

years following its initial disclosure to an appropriate law enforcement agency.[9]  The General Assembly then struck Section 775 from the 1992 amendment to Section 205(e) and substituted it with the number 778 on June 23, 1995.[10]  Dangerous Crimes Against a Child was codified as 11 *Del. C.* § 779 until it was redesignated as 11 *Del. C.* § 777 in 2010.[11]

14.  On June 24, 2003, the General Assembly amended Section 205(e) in its entirety to provide that,

> a prosecution for any crime that is delineated in § 787 of this title and in which the victim is a minor, subpart D of subchapter II of Chapter 5 of this title, or is otherwise defined as a "sexual offense" by § 761 of this title except § 763, § 764, or §765 of this title, or any attempt to commit said crimes, may be commenced at any time.  No prosecution under this subsection shall be based upon the memory of the victim that has been recovered through psychotherapy unless there is some evidence of the corpus delicti independent of such repressed memory. This subsection applies to all causes of action arising before, on or after July 15, 1992, and to the extent consistent with this subsection, it shall revive causes of action that would otherwise be barred by this section.[12]

Section 761(i) defines sexual offenses as codified in Sections 763 through 780, among others.[13]

---

[9] 68 *Del. Laws* c.397, §§ 1–2 (1992).
[10] 70 *Del. Laws* c.92, § 1 (1995).
[11] 77 *Del. Laws* c.318, § 6 (2010).
[12] 11 *Del. C.* § 205(e);  74 *Del. Laws* c.56, § 1 (2003).
[13] 11 *Del. C.* § 761(i).

15. Statutory interpretation under Delaware law requires the Court to "ascertain and give effect to the intent of the legislature."[14] "When the unambiguous language of a statute clearly reflects the intent of the legislature, then that language controls."[15]

16. In *Hoennicke*, the Delaware Supreme Court concluded that the "first disclosure" clause under the 1992 amendment to Section 205(e) applied to alleged sexual offenses that occurred between 1988 and 1992.[16] Therefore, the limitations period extended to when the victim reported the abuse to a law enforcement agency in 2009, which was then extended indefinitely under the 2003 amendment because the victim had not yet made an initial disclosure.[17] The *Hoennicke* Court also determined that the 2003 amendment was not "unconstitutionally *ex post facto*" because the defendant's "prosecution had never expired."[18]

17. The Court finds that *Hoennicke* is distinguishable because the alleged offenses there were plainly stated under the 1992 amendment to Section 205(e). Here, however, the offense for Dangerous Crimes Against a Child was not included under the 1992 amendment. Consequently, prosecution for Count VIII of the indictment under the 2003 amendment would be unconstitutionally *ex post facto*

---

[14] *Hoennicke*, 13 A.3d at 747 (quoting *Bryant v. State*, 781 A.2d 692, 2001 WL 433452, at *1 (Del. April 25, 2001) (TABLE)) (internal quotation marks omitted).
[15] *Id.* (quoting *Bryant*, 2001 WL 433452, at *1).
[16] *Id.*
[17] *Id.*
[18] *Id.*

because the previous limitations period had already expired.[19]  Hence, the State was required to initiate prosecution for Count VIII on or before June 15, 2001.

**II.     The State properly alleged the tolling provisions of Section 205(e) in its indictment.**

18.  Relying on *Hoennicke*, Defendant next argues that the remaining counts in the indictment must be dismissed because the State relied on both the 1992 and 2003 amendments to extend the statute of limitations, which required it to also allege the initial disclosure by the complaining witnesses.  The State claims that including the tolling provisions of the 1992 amendment in the indictment was not necessary.

19.  The Court finds Defendant's argument unpersuasive.  The Supreme Court in *Hoennicke* did not find that the State was required to include the tolling provisions of the 1992 amendments to Section 205(e) based on the State's argument that together, the 1992 and 2003 amendments tolled the five-year statute of limitations.  In fact, when determining whether the State properly alleged the tolling provisions of Section 205(e), the Court applied the 2003 amendment of Section 205(e).[20]

20.  Under 11 *Del. C.* § 205(j), the State "must allege and prove the applicability" of Section 205(e) "as an element of the offense" to toll the statute of limitations under Section (b)(1).[21]  Section 205(e) requires the State to allege that the "no

---

[19] *Hoennicke*, 13 A.3d at 747.
[20] *Id.* at 747–48.
[21] *See also id.*

prosecution under this subsection shall be based upon the memory of the victim that has been recovered through psychotherapy unless there is some evidence of the corpus delicti independent of such repressed memory."

21. As with *Hoennicke*, the State in this case properly alleged for each count that the "prosecution is not solely based upon memories recovered through psychotherapy."[22] Therefore, the Court will not dismiss the remaining counts because the State properly alleged Section 205(e)'s tolling provisions in the indictment.

### III. Defendant fails to show that the evidence of the alleged conduct is based solely on memories recovered through psychotherapy.

22. As previously mentioned, under Section 205(e) the State cannot base its prosecution of the offenses charged on memories recovered through psychotherapy unless the *corpus delicti*—i.e., independent evidence—corroborates the memories. The *corpus delicti* rule places the burden on the State to "present 'some evidence of the existence of a crime, independent of the [victim's memory], to support a conviction.'"[23]

23. Finally, Defendant posits that the State fails to meet its burden under Section 205(e) because the evidence provided by the State in discovery shows the memories

---

[22] Indictment; *Hoennicke*, 13 A.3d at 748.

[23] *Wright v. State*, 953 A.2d 188, 192 (Del. 2008) (quoting *Bright v. State*, 490 A.2d 564, 569 (Del. 1985)).

were recovered through psychotherapy, and there is no independent evidence corroborating those memories. According to the State, because the prosecution is not based on memories recovered through psychotherapy, it is not required to provide independent evidence of the alleged offenses.

24. The Court does not have the evidence that purportedly shows the complainants' memories were recovered through psychotherapy because Defendant does not disclose or explain what the evidence is. The State clarified that it disclosed the complainants' mental health records to Defendant. As mentioned above, the State properly alleged the tolling elements of Section 205(e) and will have to prove that beyond a reasonable doubt to a jury. But the Court is not prepared to conclude that this burden is not met at this stage of the proceedings, and without knowing the contents of the evidence and how it shows the complainants' memories were recovered through psychotherapy. Moreover, mental health records do not create a presumption that memories were recovered through psychotherapy.[24]

25. In sum, the Court dismisses Counts II and VIII of the indictment violating the Ex Post Facto Clause of the U.S. Constitution. The remaining counts of the indictment are sufficient to survive a motion to dismiss under Rule 12(b)(2).

---

[24] *See e.g., State v. Hearne*, 2023 WL 2980324, at *7–8 (Del. Super. April 17, 2023).

## CONCLUSION

26. For the foregoing reasons, Defendant's Motions to Dismiss the Indictment are **GRANTED** in part, **DENIED** in part.


    **IT IS SO ORDERED.**


*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.